404      APPELLATE COURTS OF ILLINOIS.

Ill. West. Ex. R. R. Co. v. Gay.

THE ILLINOIS WESTERN EXTENSION RAILWAY CO.

v.

ELKANAH GAY.

DECREE AGAINST EVIDENCE.—This court is of opinion that the decree of the court below in some respects is not supported by the evidence, and the cause is remanded.

ERROR to the Circuit Court of Kankakee county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed December 9, 1880.

Mr. C. A. LAKE, for plaintiff in error.

Mr. FRANK D. GAY, for defendant in error.

LACEY, P. J. This was a petition filed by defendant in error, to enforce a contractor's lien on the plaintiff in error's railroad in Kankakee county.

The suit is brought to recover payment for doing grading on the plaintiff in error's line of road-bed, alleging that the contracts were made with C. W. Knott, the president of the road.

That there were two contracts for grading, the last of which was finished about the 18th of December, 1874. The first contract was for the grading of about seven miles of road-bed, the second for a less distance. The first was for eleven cents per yard, and the last for twelve cents per yard. The main dispute seems to be as to the amount of excavation and embankment in cubic yards done under the first contract, and the amount of payments made by the company. We are satisfied with the finding of the court below as to the facts of the entering into the contract by plaintiff in error with defendant in error for the grading, and that it is liable to defendant in error for the amount of the work done, less the payments, and also that the decree is correct in declaring it a lien. We are, how-

ever, of the opinion that the court erred in its finding of the amount of the grading done. The court below found that there was due defendant in error the sum of $2,664.45, and decreed a lien on plaintiff in error's road for that amount.

It appears that one T. H. Perry was the engineer of the company, and did the measuring of the work as it progressed. The work was contracted to defendant in error by sections. On or about Dec. 1st, 1874, the engineer made out a detailed statement of the amount of cubic yards of embankment and excavations, that had been completed up to that time, for the purpose of payment on the estimate. The number of yards was 12,582. This engineer's first estimate was made out for work done on sections numbered from 17 to 25, up to that date. After the work on these same sections had been completed, or nearly so, the engineer made out another and final estimate, of the amount of the work done on the same sections, showing the number of 38,342 cubic yards of embankment and excavation. In the calculation, the court below added the two estimates together, holding that the last estimate was a continuation of the measurement, and did not include the first one.

The only testimony in the case in regard to that, is the evidence of the engineer, Perry, who swears that the last estimate was for the whole amount of the work done, and included the first.

The defendant in error swears that he has no other means of knowledge than these estimates to know how much plaintiff in error owed him. The engineer is the only person who, from the nature of the case, can know just how these estimates were made, and his evidence is uncontradicted. If we are correct, this would reduce the finding of the court below, $1,384.-02.

We have examined these estimates in detail, and can find no very certain or satisfactory internal evidence, to show whether the last included the first or not. While in the first there is an estimate of the excavation on Sec. No. 18, of 45 cubic yards, there is no embankment estimate in the last one for such section, yet in the 24th section there is an estimate for embankment of 183 cubic yards, and the same number is found

406    APPELLATE COURTS OF ILLINOIS.

Ill. West. Ex. R. R. Co. v. Gay.

in the estimate last made for that section.    There might be
two numbers exactly alike, but this is not probable.    The dis-
crepancy in the two estimates on section 18, was not called to
the attention of the witness Perry, but we do not feel justified
in disregarding his positive testimony on account of such a
discrepancy as that.    Perry also swears, after making an ex-
amination of his books after he had been first on the witness
stand that 41,900 yards was the whole work done, and this in-
cluded the ten per cent. which had been kept out of the first
estimate for damages in not finishing the work according to
contract.

As to the credits, there seems to be a conflict of evidence, and
we will not undertake to pass on them for the reason that the
case will be re-tried, and each party will have an opportunity
to take additional evidence, and may clear up all disputed
points.

There is the $1,000 paid Price, which plaintiff in error seeks
to charge against the estimate, claiming that it reserved the
right to pay Price in his own note.    It is not very satisfactory
that the note was put in at its face, or that Gay owed Price
that amount.

If this note was discounted the whole amount should not be
charged.

The decree will be reversed and the cause remanded, with
leave to each party to take new testimony.

Reversed and remanded.